IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROCCO DOMINIC TINOCO,

      Plaintiff,

vs.                                              No. CV 19-00712 KG/SCY

UNITED STATES OF AMERICA,
BUREAU OF PRISONS, and
DISMAS/DIERSEN CHARITIES, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on the Plaintiff Rocco Dominic Tinoco's Ex Parte Motion for Order of Temporary Injunctive Relief, (Doc. 5), which the Court construes as a motion for a temporary restraining order. The Court denies Plaintiff's Motion on the grounds that Plaintiff has failed to make the showing required by Fed. R. Civ. P. 65(b) for issuance of a temporary restraining order.

Plaintiff filed his Complaint alleging violation of his constitutional rights on August 2, 2019. (Doc. 1). Plaintiff's Complaint alleges that Defendants United States of America, Bureau of Prisons, and Dismas/Diersen Charities, Inc., violated his constitutional right of access to the Courts by not allowing him time to conduct legal research at Zimmerman Library or other legal research facilities while he is serving time at a residential reentry center. (Doc. 1). Plaintiff seeks temporary injunctive relief to require Defendants to allow him "access to the courts" by "allowing him at least two hours daily (exclusive of travel time) at any available legal research

facility." (Doc. 5 at 1). Plaintiff's Motion is not supported by an affidavit and is not signed under oath or under penalty of perjury. (Doc. 5).

Rule 65(b) of the Federal Rules of Civil Procedure addresses the requirements for a temporary restraining order ("TRO"). Rule 65(b) provides:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b). Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

Plaintiff is proceeding pro se in this matter and the Court must liberally construe his filings. *Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir. 1989). However, the Court may not assume the role of advocate for the pro se party and need not accept unsupported conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A TRO is an extraordinary remedy and, therefore, a movant's right to relief must be clear and unequivocal. *Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Social & Rehabilitation Servs.,* 31 F.3d 1536, 1543 (10th Cir. 1994).

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint. Fed.R.Civ.P. 65(b)(1)(A). Plaintiff's current request for a TRO is not sworn or supported by an affidavit or verified complaint as required by Rule 65(b)(1)(A). Nor does Plaintiff's motion contain any factual allegations or even conclusory allegations of immediate, irreparable harm, and is not supported by any factual evidence. (Doc. 5). Absent a clear and unequivocal factual showing that Plaintiff will suffer immediate and irreparable injury, Plaintiff's motion is insufficient to support issuance of a TRO by the Court. *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31 F.3d at 1543. Because Plaintiff has not made the threshold factual showing of immediate and irreparable harm, the Court will not reach the remaining Rule 65(b) elements and will deny Plaintiff's motion without prejudice to any future request for a TRO or injunctive relief made on a proper factual showing.

IT IS ORDERED that Plaintiff's Ex Parte Motion for Order of Temporary Injunctive Relief (Doc. 5) is DENIED.

_____
UNITED STATES DISTRICT JUDGE